UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERRY L. MITCHELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 19-CV-1260 |
| | ) | |
| ROB JEFFREYS, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

<u>MERIT REVIEW AND CASE MANAGEMENT ORDER</u>

The plaintiff, proceeding *pro se*, and currently an inmate within the Illinois Department of Corrections at the Illinois River Correctional Center ("Illinois River"), was granted leave to proceed *in forma pauperis*.  The case is now before the Court for a merit review of the plaintiff's claims contained within his complaint.  The Court is required by 28 U.S.C. § 1915A to "screen" the plaintiff's complaint, and through such process, to identify and dismiss any legally insufficient claim or the entire action, if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor.  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).  However, conclusory statements and labels are insufficient.  Enough facts must be provided to "state a claim for relief that is plausible on its face."  *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013)(citation omitted).

The plaintiff filed this suit under 42 U.S.C. § 1983.  "[I]n order to bring a claim under this section, the plaintiff must show two elements: (1) the party against whom the claim is brought qualifies as a 'person acting under the color of state law'; and (2) the conduct alleged amounted to a deprivation of rights, privileges, or

1

immunities under the Constitution or the laws of the United States." *Tom Beu Xiong v. Fischer*, 787 F.3d 389, 397 (7th Cir. 2015).

The plaintiff alleges that the named defendants violated his Constitutional rights, in that, they failed or refused to provide him with information regarding the potential side-effects and risks for the experimental prescription drugs that he is taking. The plaintiff contends that he has experienced ill side-effects from taking the drugs, but his condition is being ignored.

Contrary to the plaintiff's assertion, there is no Constitutional right to receive information regarding the potential risks and side-effects from prescription medication. In addition, simply denying a grievance is not a sufficient basis upon which to hold a prison official liable under § 1983. *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011); *Wilkins v. Illinois Dep't of Corrections*, 2009 WL 1904414, * 9 (S.D. Ill. July 1, 2009); *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Therefore, the plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants Jeffreys, Hammers, Howerter, and Meaker.

However, the plaintiff's complaint does state a claim upon which relief can be granted as to Defendant Dr. Osmundson. According to the plaintiff, he informed Dr. Osmundson of the ill side-effects that he was experiencing as a result of taking the medication prescribed to him by Dr. Osmundson, but Dr. Osmundson ignored his physical ailments that he sustained as a result of taking the medication and instructed the plaintiff to continue to take the medication. If the plaintiff's allegations are true, Dr. Osmundson's inaction could constitute deliberate indifference to a serious medical need in violation the plaintiff's Eighth Amendment rights, and the Court will allow the plaintiff to proceed on that claim.

IT IS, THEREFORE, ORDERED:

1.   Pursuant to its merit review of the plaintiff's Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff's Complaint states an Eighth Amendment deliberate indifference claim against Defendant Dr. Osmundson. Any additional claims shall not be included in the case except at the Court's discretion

and on a motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2.    The Clerk of the Court is directed to effect service of process on Dr. Osmundson pursuant to the Court's standard procedures.

3.    The Clerk of the Court is further directed to dismiss all other named Defendants for failure to state a claim against them upon which relief can be granted. 28 U.S.C. § 1915A; Fed. R. Civ. Pro. 12(b)(6).

4.    This case is now in the process of service.  The plaintiff is advised to wait until counsel has appeared for the defendant before filing any motions, in order to give the defendant notice and an opportunity to respond to those motions.  Motions filed before defendant's counsel has filed an appearance will generally be denied as premature.  The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.

5.    The Court will attempt service on the defendant by mailing the defendant a waiver of service.  The defendant has sixty (60) days from the date the waiver is sent to file an answer.  If the defendant has not filed an answer or appeared through counsel within ninety (90) days of the entry of this Order, the plaintiff may file a motion requesting the status of service.  After the defendant has been served, the Court will enter an Order setting discovery and dispositive motion deadlines.

6.    With respect to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service.  Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

7.    The defendant shall file an answer within sixty (60) days of the date the waiver is sent by the clerk.  A motion to dismiss is not an answer.  The answer should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings

shall be to the issues and claims stated in this opinion.  In general, an answer sets forth the defendant's positions.  The Court does not rule on the merits of those positions unless and until a motion is filed by the defendant.  Therefore, no response to the answer is necessary or will be considered.

8.    This district uses electronic filing, which means that, after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk.  The plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk.  However, this does not apply to discovery requests and responses.  Discovery requests and responses are not filed with the clerk.  The plaintiff must mail her discovery requests and responses directly to the defendants' counsel.  Discovery requests or responses sent to the clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until defense counsel has filed an appearance and the court has entered a scheduling order, which will explain the discovery process in more detail.

9.    Counsel for the defendant is hereby granted leave to depose the plaintiff at his place of confinement.  Counsel for the defendant shall arrange the time for the deposition.

10.   The plaintiff shall immediately notify the court, in writing, of any change in his mailing address and telephone number.  The plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

11.   If a defendant fails to sign and return a waiver of service to the clerk within thirty (30) days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12.   The Clerk of the Court is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.

Entered this 1st day of August, 2019


_____ /s/ Harold A. Baker_____
            HAROLD A. BAKER
      UNITED STATES DISTRICT JUDGE